**Electronically Filed
Intermediate Court of Appeals
30654
12-OCT-2011
08:24 AM**

NO. 30654

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR HASCO 2007-NC1,
Plaintiff-Appellee,
v.
DEBRA LYNN TEJADA and ALEJANDRO MICHAEL TEJADA,
Defendants-Appellants,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AMBER FINANCIAL GROUP, LLC, JOHN DOES 1-10,
JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10
AND DOE GOVERNMENTAL UNITS 1-10,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-55)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendants-Appellants Debra Lynn Tejada and Alejandro
Tejada (the Tejadas) appeal from the "Judgment on Findings of
Fact, Conclusions of Law and Order Granting Plaintiff's Motion
for Summary Judgment and Decree of Foreclosure Against All
Defendants on Complaint Filed February 20, 2009" (Judgment) filed
on August 17, 2010 in the Circuit Court of the Third Circuit

(circuit court).[1] The circuit court entered summary judgment, a degree of foreclosure, and an order of sale in favor of Plaintiff-Appellant Deutsche Bank (Deutsche Bank) and against the Tejadas.

On appeal, the Tejadas argue that the circuit court erred in 1) denying the Tejadas' Motion to Set Aside Entry of Default (Motion to Set Aside Default), 2) issuing its Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint[2] and 3) denying The Tejadas' Motion for Reconsideration of the order denying the Motion to Set Aside Default and granting summary judgment for Deutsche Bank (Motion for Reconsideration).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, the Tejadas' points of error are resolved as follows:

(1) The circuit court did not err in denying the Tejadas' Motion to Set Aside Default. The circuit court denied the motion, stating: "[T]here was nothing of record showing why there was a failure to answer in a timely manner. So the court cannot find that the default was not the result of inexcusable neglect or a wilful act." Rule 55(c) of the Hawai'i Rules of Civil Procedure (HRCP) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Hawai'i courts apply the following test to determine whether to set aside a default judgment:

---

[1] The Honorable Greg K. Nakamura presided.

[2] The Tejadas' points of error specify numerous findings of facts (FOFs) and conclusions of law (COL) which they contend are erroneous.

> a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976).

Deutsche Bank correctly points out that in their Motion to Set Aside Default, the Tejadas did not address the first or third prongs of the BDM test. The circuit court was warranted in denying the Tejadas' Motion To Set Aside Default because "if a movant fails to meet any one prong of the test, a trial court does not abuse its discretion in refusing to set aside a default judgment." Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 439, 16 P.3d 827, 844 (App. 2000) (citations omitted). In addition to the Tejadas' failure in their motion to present relevant arguments or facts before the circuit court with respect to the first and third prongs, it is clear that even if such arguments were made, the Tejadas would not be able to show, with respect to the third prong, that their default was not the result of "inexcusable neglect or a wilful act."

It is undisputed that the Tejadas failed to respond to the complaint for ten months after receiving service of it and for nine months after default was entered against them. The Tejadas filed their Motion To Set Aside Default after Deutsche Bank filed its Motion for Summary Judgment and the Tejadas had filed an opposition to the summary judgment motion. In his affidavit, Alejandro Tejada stated that sometime shortly after April 17, 2009, he told Deutsche Bank's counsel that the complaint had been served on him and that he did not know Deutsche Bank or how Deutsche Bank was involved with the

mortgage.[3]  Alejandro believed that his statements to Deutsche
Bank's attorney constituted his response to the Complaint and he
did not know that he was obligated to file an answer.  Hawai'i
courts have held that lack of legal knowledge or training, or
ignorance of the law, does not constitute excusable neglect for
purposes of the BDM test.  See Bartolome, 94 Hawai'i at 439, 16
P.3d at 844; Dillingham Inv. Corp. v. Kunio Yokoyama Trust, 8
Haw. App. 226, 797 P.2d 1316 (1990).  Therefore, the circuit
court did not err in denying the Tejadas' Motion to Set Aside
Default.

(2) The circuit court did not err in granting Deutsche
Bank's Motion for Summary Judgment and Decree of Foreclosure.
First, because entry of default properly was not set aside, the
Tejadas did not have standing to contest the merits of the
summary judgment motion.  The Hawai'i Supreme Court has held
that, in a foreclosure action, once default is established, the
mortgagor has no further standing to contest the factual
allegations of the mortgagee's claim for relief; however, since a
default does not extend to matters outside the issues raised by
the pleadings or beyond the scope of the relief demanded in the
complaint, the mortgagor has standing to assert a claim to the
surplus proceeds of the public sale of the mortgaged property.
See Bank of Hawai'i v. Horwoth, 71 Haw. 204, 214-16, 787 P.2d
674, 680-81 (1990).

Here, the Tejadas are not seeking relief as to "matters
outside the issues raised by the pleadings or beyond the scope of

---

[3]  Alejandro Tejada's affidavit was not submitted until the Tejadas
brought their Motion for Reconsideration.  Thus, it is questionable whether
even these alleged facts must be considered.  The Tejadas made no showing that
Mr. Tejada's affidavit could not have been presented when the circuit court
first considered the Motion to Set Aside Default.  Nonetheless, even if the
affidavit is considered, it fails to establish "that the default was not the
result of inexcusable neglect or a wilful act."  BDM, Inc., 57 Haw. at 76, 549
P.2d at 1150.

the relief demanded" by Deutsche Bank. See Horwoth, 71 Haw. at 215, 787 P.2d at 680 (citations omitted). Rather, the Tejadas are raising alleged violations of the Truth in Lending Act (TILA) and HRS Chapter 480 as defenses to the foreclosure action. Therefore, under Horwoth, they did not have standing to contest the circuit court's entry of summary judgment.

Similarly, the court in Kam Fui Trust v. Brandhorst held that entry of default precluded a defaulted defendant from contesting liability, although the defaulted defendant could still contest the amount of its liability. 77 Hawai'i 320, 324-25, 884 P.2d 383, 387-88 (App. 1994) (noting that entry of default is an interlocutory order, not a judgment, but that the effect is to preclude the defendant from making any further defense in the case as far as liability is concerned). Since the Tejadas did not contest the amount of their liability in this action, or make any claims that are outside the scope of the relief demanded by Deutsche Bank in its foreclosure action, the Tejadas lacked standing to assert any arguments with respect to the orders granting summary judgment.

Second, even assuming arguendo that the Tejadas had standing, they fail to demonstrate any error by the circuit court in granting Deutsche Bank's Motion for Summary Judgment and Decree of Foreclosure. Apart from brief mention of Chapter 480 at the hearing on the motion, the Tejadas did not argue before the circuit court that Chapter 480 was violated, or that it presents a genuine issue of material fact such that it would preclude summary judgment. While the Tejadas argued before the circuit court that there were violations of federal statutes including TILA, the Real Estate Settlement and Procedures Act (RESPA), the Equal Credit Opportunity Act (ECOA), and the Fair Credit Reporting Act (FCRA), the Tejadas did not cite any specific statutory provisions or cite any applicable case law

that supports their contention that the federal statutes were violated or that such violations were a valid defense to the foreclosure action.

It is well established that if an argument is not raised below, then it is considered waived, and the appellate court may decide not to hear the matter further. See Bitney v. Honolulu Police Dept., 96 Hawai'i 243, 251, 30 P.3d 257, 265 (2001). In addition, Hawai'i courts have held that general allegations of TILA and Chapter 480 violations are insufficient to challenge a judgment in a foreclosure action. See Bartolome, 94 Hawai'i at 433, 16 P.3d at 838; see also Aames Funding Corp. v. Mores, 107 Hawai'i 95, 104, 110 P.3d 1042, 1051 (2005) (Appellants failed to make discernable factual or legal argument as to fraud in the mortgage context). Moreover, the Tejadas have failed to comply with Rule 28(b)(7) of the Hawai'i Rules of Appellate Procedure (HRAP), which states that "the appellant shall file an opening brief, containing . . . [t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. The argument may be preceded by a concise summary. Points not argued may be deemed waived." In other words, "[a]n appellate court does not have to address matters for which the appellant has failed to present discernible argument." Bartolome, 94 Hawai'i at 433, 16 P.3d at 838 (citation omitted). Therefore, for these reasons, we also reject the Tejadas' challenge to the circuit court's grant of summary judgment in favor of Deutsche Bank.

(3) The circuit court did not err in denying the Tejadas' motion for reconsideration. A motion for reconsideration is meant to allow the movant to present new evidence or new arguments that could not have been made in the

6

earlier proceeding.  See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (citation omitted); Pancakes of Hawai'i, Inc. v. Pomare Props. Corp., 85 Hawai'i 286, 296-97, 944 P.2d 83, 93-94 (App. 1997).  The Tejadas make no argument as to any new evidence or arguments that they could not have made at the earlier proceeding.  The Tejadas' Motion for Reconsideration was properly denied by the circuit court.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment filed on August 17, 2010 in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 12, 2011.

On the briefs:

Keoni K. Agard
Dexter K. Kaiama
(Agard & Kaiama, LLC)
for Defendants-Appellants

Robert E. Chapman
Katie L. Lambert
(Clay Chapman Iwamura
  Pulice & Nervell)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge